FIRST NATIONAL BANK OF HURON, et al, Respondents,
v. INTERSTATE SURETY CO., et al, Appellants.

(227 N. W. 477.)

(File No. 6603. Opinion filed November 19, 1929.)

Sterling, Clark & Grigsby, of Redfield, for Appellants.
Gardner & Churchill, of ·Huron, for Respondents.

POLLEY, J. Prior to January 26, 1924, the plaintiff, First National Bank, was engaged in the banking business at Huron, and prior to March 1, 1924, the defendant surety company was doing business as a surety company at Redfield, and a part, at least, of its business was the furnishing of indemnity bonds for banks that were acting as depositaries of state and county funds.

Both of these companies were placed in the hands of a receiver on the above dates respectively.

During the month of September, 1923, defendant surety company furnished an indemnity bond to enable the plaintiff bank to act as depositary of certain funds belonging to the state, and to secure such defendant against liability on such bond the bank assigned to, and turned over to, the surety company certain of its assets consisting of promissory notes, together with abstracts of title, and mortgages given to secure the payment of said promissory notes. While the said money was on deposit in the plaintiff bank, and while the said bond was in force and effect, the bank was placed in the hands of a receiver, because of insolvency. The receiver, being of the opinion that the bank was without authority to assign its assets for the above purpose, commenced this action against the receiver of the surety company for the recovery of the said securities.

The plaintiffs in their complaint alleged ownership of such assets, that defendants' possession thereof was wrongful and unlawful, and demanded that defendants set out their right or interest in the said securities, and that the same be returned to plaintiffs. In response to this demand, defendants in their answer set out the contract under which the said assets had been assigned to the surety company; alleging that the deposits secured by the said indemnity bond had never been repaid; that, since said bank went into the hands of a receiver, the state of South Dakota and county of Beadle had filed claims with the receiver of the surety company for amounts greatly in excess of the value of the securities involved in this action, and that said claims had been allowed by said receiver; that defendants claimed a first lien on the said securities for the purpose of indemnity for such sums as it might be compelled to pay because of the bond so furnished by the said surety company, and that it had a right to hold said securites until the amount of its liability was determined, and, when such liability was determined, that it should be allowed to sell, or otherwise dispose of, said securities for the purpose of reimbursing the surety company for such loss as it may have incurred on account of the said surety bond.

The case was tried to the court without a jury. Findings of fact, conclusions of law, and judgment were for plaintiffs, and defendants appeal.

Defendants tried the case upon the theory that the contract,

whereby the above-mentioned securities were pledged to the surety company, was within the legal authority of the bank to make, and that defendants were entitled to have such contract carried out and enforced. The trial court refused to adopt this theory, and held that the contract, whereby the bank attempted to pledge its assets to secure deposits, was ultra vires and void, and that the plaintiffs were entitled to recover the possession of such securities. Upon the merits this is the only question to be determined by this court.

The appellants have predicated many assignments of error upon the rulings of the court in the admission and rejection of evidence at the trial. We will dispose of all these assignments by assuming the facts in the case to be as contended for by the appellants.

The assets in question were pledged about September 27, 1923, and the bank suspended on January 26, 1924, approximately four months later.

Rev. St. U. S. § 5242 (12 USCA § 91), reads as follows:

"Transfers by bank and other acts in contemplation of insolvency. All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court."

If the bank was in fact insolvent when the assets involved were transferred, then the assignment was null and void, and the result reached by the trial court was correct. Upon the question of insolvency, the trial court made the following finding of fact:

"That at the time of the attempted pledging of said assets, the said bank was in financial distress and that while it continued to

function thereafter until the 26th day of January, 1924, when it was taken over by the United States Comptroller of the Currency and placed in the hands of a receiver for liquidation, because insolvent, it in fact met with no financial losses subsequent to the time of the negotiations for securing the said bonds from the defendant Interstate Surety Company, and the furnishing thereof by said Interstate Surety Company and prior to the time it was so taken over by the United States Comptroller of the Currency, and said bank was insolvent at the time of the attempted transfer and assignment of said notes, mortgages and real property to said Interstate Surety Company, and at said times its liabilities exceeded in amount the value of its assets, and said transfers were made with a view to prevent the application of the assets of said bank in the manner prescribed by law, and with a view to the preference of said Interstate Surety Company over other creditors of the said bank."

This finding seems to be fully sustained by the evidence in the record, and is decisive of the case. The assignment was void, and the securities involved or their proceeds, if collected, should be returned to the bank.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., disqualified and not sitting.

CAMPBELL, BURCH, and BROWN, JJ., concur.